IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **JAMIE LEE COLE,**     Plaintiff,<br><br>v.<br><br>**JOHN BALDWIN, STEVE DRAHAZOL, LORI COOK, KATIE DEAL, DAVE BAUMGARTNER, NETTY RINSHAW, ANNE BABBE, MONICA ACKLEY, JIM MCKINN[E]Y, BRIAN SPANNAGLE, CONTRACT ATTORNEY IN FORT DODGE, DR. KELLER, SGT. PALMER, JASON HAWKINS, MAJOR WAGERS, CAPTAIN MAYO, CONTRACT ATTORNEY IN ANAMOSA, CONTRACT ATTORNEY IN OAKDALE,**<br><br>     Defendants. | **No. 14-CV-3007-DEO**<br><br>**INITIAL REVIEW ORDER** |

_____

## I. INTRODUCTION

This matter is before the Court on Jamie Lee Cole's (hereinafter Mr. Cole) 42 U.S.C. § 1983 Complaint (Docket No. 1) against the above named Defendants (both known and unknown) and his Motion to Proceed In Forma Pauperis (Docket No. 2). Mr. Cole alleges a number of violations against the above named Defendants.

## II. BACKGROUND

At the outset, the Court notes that Mr. Cole has brought a number of previous lawsuits in Federal Court.

On November 5, 2004, Mr. Cole filed a 28 U.S.C. § 2254 application in the Northern District of Iowa. On December 14, 2004, Judge Linda Reade denied Mr. Cole's Petition, finding that:

> the petitioner clearly states in his application for a writ of habeas corpus that he hasn't had a response to his application for post-conviction relief. In addition, it appears that his court appointed attorney currently is looking into whether the petitioner is able to assert claims in a post-conviction relief action pursuant to Chapter 822 of the Iowa Code. Based on the petitioner's statements and the records of the Iowa District Court In and For Del[a]ware County, the court finds the petitioner failed to adequately allege that he presented his claims to the state courts as he is required to do if he seeks habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A); Carmichael v. White, 163 F.3d 1044, 1045-46 (8th Cir. 1998). See also Iowa Code § 822.1, et al. (providing for postconviction relief). Further, the court finds the petitioner failed to show good cause for any failure to present his claims to the highest state court and actual prejudice as a result of the alleged constitutional violation or a potential for the fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Keithley, 43 F.3d at 1218; Maynard, 981 F.2d at 984;

> Buckley, 892 F.2d at 718. Because it is clear 28 U.S.C. § 2254(b) bars the petitioner's action, the application for a writ of habeas corpus shall be dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases.

See 04-CV-2086-LRR, Docket No. 8, p. 7-8.

Mr. Cole filed a second 28 U.S.C. § 2254 Petition on December 14, 2012. Judge Reade again denied Mr. Cole's claims, stating:

> In his current application for a writ of habeas corpus, the petitioner again admits that the Iowa Supreme Court never had an opportunity to review his claims. Additionally, a review of his state court cases, including his underlying criminal case and post-conviction relief actions, indicates that the petitioner never exhausted his claims in the appropriate state forum. Therefore, it is appropriate to dismiss the petitioner's action for failing to comply with 28 U.S.C. § 2254(b)(1)(A). Moreover, under 28 U.S.C. § 2244(d)(1)(A), the petitioner had one year from the date on which his judgment became final to file an application for a writ of habeas corpus, but he waited until November 14, 2012 to seek habeas corpus relief. Such date is well beyond the one year period. Consequently, the petitioner's habeas corpus action is barred by the applicable statute of limitations. See 28 U.S.C. § 2244(d)(1)(A). Lastly, a review of the petitioner's state court cases indicates that his current confinement is not related to the 2004 conviction that he complains about in this

3

> action. The petitioner is not attacking the validity of his current confinement. Rather, he is contesting the possible consequences that he might face if he fails to register as a sex offender, which is a remedial requirement of his 2004 conviction.

12-CV-0125-LRR, Docket No. 2, p. 2-3.

Mr. Cole has also previously filed 42 U.S.C. § 1983 Complaints. On May 25, 2004, Mr. Cole filed a Complaint alleging that his sentence was inappropriate and did not accord with his plea agreement. Mr. Cole asked Judge Mark W. Bennett to order him released from the half way house he was then residing in. Judge Bennett ruled that:

> In this 42 U.S.C. § 1983 action, the plain language of the complaint demonstrates the plaintiff is challenging the validity of his confinement... The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action. Thus, the plaintiff's claim under 42 U.S.C. § 1983 shall be dismissed. Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the plaintiff's claim shall be dismissed for failure to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1). Accordingly, this action shall be dismissed. 28 U.S.C. § 1915(e).

04-CV-1024-MWB, Docket No. 2, p. 2-3.

On November 16, 2012, Mr. Cole filed another pro se document in the Northern District of Iowa, which Judge Reade liberally construed as a 42 U.S.C. § 1983 Complaint. In the document, Mr. Cole alleged that he should be afforded a single room, that he was being harassed, and that his family was not helping him as much as he felt they should. Judge Reade denied that Complaint, stating:

> The matter before the court is the plaintiff's letter, which the clerk's office construed as a complaint under 42 U.S.C. § 1983. The clerk's office filed such complaint on November 20, 2012. The petitioner did not submit the required filing fee or an application to proceed in forma pauperis. See 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Further, the petitioner's letter is not sufficient to commence an action. See Fed. R. Civ. P. 3 (indicating a civil action is commenced by filing a complaint); see also Fed. R. Civ. P. 8 (addressing general rules of pleading); Fed. R. Civ. P. 11 (requiring a pleading to be signed). Accordingly, this action is dismissed without prejudice.

12-CV-0117-LRR, Docket No. 2, p. 1.

**III. PROCEED IN FORMA PAUPERIS**

First, Mr. Cole requests that he be allowed to proceed in forma pauperis. The filing fee for a 42 U.S.C. § 1983 action is $350.00. 28 U.S.C. § 1914(a). In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other court costs. In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[1] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1).[2] Prisoners must also meet an additional requirement: they must submit a certified copy of their prisoner trust fund account statement for a 6-month period prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2).

---

[1] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

[2] Entitled to redress means that the plaintiff is entitled to relief or is entitled to a judgment in his or her favor.

6

Plaintiff's Application does not meet all of the requirements of 28 U.S.C. § 1915(a). Specifically, Mr. Cole has failed to file a certified copy of his prisoner trust account. Instead, Mr. Cole has filed a letter stating that the prison officials failed to promptly give him a copy of his prisoner trust account when he requested one. However, Mr. Cole admits he only waited a few days between requesting the paperwork and filing the present law suit.

The failure to file a prison trust account would normally be fatal to an application to proceed in forma pauperis. However, the Court is persuaded that had Mr. Cole filed a prisoner trust account document, it would have shown he is indigent. As will be set out further below, Mr. Cole's Complaint fails to set out a claim upon which relief can be granted. **Accordingly, the Court will grant in forma pauperis status for the limited purpose of conducting an initial review of Mr. Cole's Complaint**.

**Therefore, Plaintiff's Pro Se Motion for Leave to Proceed in Forma Pauperis is granted. The Complaint filed at Docket No. 1 will proceed to initial review without collection of a filing fee. The Clerk of Court shall deliver a copy of this**

7

**Order and the filed petition to the Fort Dodge Correctional Facility care of the Plaintiff.**

Once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**IV.   42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**V. ISSUE**

In his pro se Complaint, Mr. Cole sets out a multitude of claims against a variety of Defendants. Accordingly, the Court will set out each claim along with the appropriate analysis below.

**VI. ANALYSIS**

**A. Dave Baumgartner, Brian Spannagle and Steve Drahazol,**

Mr. Cole's first claim is against Dave Baumgartner, Brian Spannagle and Steve Drahazol. It appears from Mr. Cole's statements that Dave Baumgartner was Mr. Cole's original criminal attorney, Brian Spannagle is representing Mr. Cole in a post-conviction action in Iowa State Court, and Mr. Drahazol is currently representing Mr. Cole in an unknown Iowa State Court proceeding.[3] Mr. Cole claims that Mr. Baumgartner told him he would only serve a three year prison sentence. The Court construes this as an allegation that Mr. Baumgartner was ineffective. Mr. Cole alleges that neither Mr. Spannagle or Mr. Drahazol are communicating with him. The Court also

---

[3] Mr. Cole restated his claim against Mr. Drahazol in a supplemental letter he filed on February 11, 2014. See Docket No. 8.

construes this as an allegation of ineffective assistance of counsel against Mr. Spannagle and Mr. Drahazol.

42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312 (1981), the United States Supreme Court affirmed a ruling by Judge Vietor dismissing a 42 U.S.C. § 1983 for ineffective assistance of counsel on the grounds that a defense attorney is not a state actor. In that case, the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk Cnty</u>, 454 U.S. at 325. The Court noted that a public defender differs from the typical government employee and state actor. While performing their duties, a public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. <u>Id.</u>, at 321-322. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the

11

State. Id., at 318-319. The Court concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because they are "not acting on behalf of the State; he is the State's adversary." Id., at 323, n. 13. See also Bruce v. Fletcher, 584 F. Supp. 5, 6 (W.D. Mo. 1984).[4]

Based on that precedent, which has been affirmed many times over, the Court cannot allow Mr. Cole's 42 U.S.C. § 1983 Complaint against Dave Baumgartner, Brian Spannagle or Steve Drahazol to proceed. If Mr. Cole has a complaint against an attorney who is representing him in a pending state court matter, Mr. Cole should write a letter to the state court judge in his case, clearly setting out his complaint against his attorney. (Similarly, if Mr. Spannagle has been appointed to represent Mr. Cole on an appeal before the Iowa Supreme Court or the Iowa Court of Appeals, Mr. Cole should write the

---

[4] This analysis assumes that Mr. Baumgartner and Mr. Drahazol were acting as public defenders. Of course, if either was a private, retained defense attorney, there is no possibility that they would be liable under 42 U.S.C. § 1983 because there would be no credible argument they were a state actor.

Iowa Supreme Court setting out his complaint against his appointed attorney.)

**B.  Monica Ackley**

Mr. Cole's next complaint is against Monica Ackley. Judge Ackley is a District Judge in Iowa's 1st Judicial District.  Mr. Cole alleges that Judge Ackley imposed a sentence greater than that stipulated to in his plea agreement.

The Supreme Court has considered the doctrine of judicial immunity in the context of 42 U.S.C. § 1983 actions and has stated:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. Pierson v. Ray, 386 U.S. [547], at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").  See also Harlow v. Fitzgerald, 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity).
>
> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not

> immune from liability for nonjudicial
> actions, i.e., actions not taken in the
> judge's judicial capacity. Forrester v.
> White, 484 U.S. [216], at 227-229; Stump v.
> Sparkman, 435 U.S. [349], at 360. Second,
> a judge is not immune for actions, though
> judicial in nature, taken in the complete
> absence of all jurisdiction. Id., at
> 356-357; Bradley v. Fisher, 13 Wall., at
> 351.

Mireles v. Waco, 502 U.S. 9, 11-12 (1991). The Court went onto say that, "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 12-13 (internal citations omitted). Judge Ackley was acting within her judicial appointment when she sentenced Mr. Cole. Additionally, there is no allegation that Judge Ackley did not have jurisdiction to sentence him. Accordingly, Judge Ackley has judicial immunity, even if her sentence was somehow in excess of what was statutorily appropriate. Mr. Cole's complaint against her must be dismissed.

**C. Netty Rinshaw, Katie Deal, and Lori Cook**

Mr. Cole alleges that Netty Rinshaw, Katie Deal, and Lori Cook are treatment providers at the Fort Dodge Correctional

Facility.  Mr. Cole alleges that they threatened to move him to different treatment classifications.[5]

To state a claim under 42 U.S.C. § 1983, Mr. Cole must allege that a person, acting under the color of state authority, infringed his rights or committed some other constitutional violation against him.  Correction officers and treatment providers are within their rights to change his treatment classification.  (In fact, it is part of their job).  To amount to a constitutional violation, Mr. Cole would have to allege that their decision or threat to change his classification was motivated by some constitutionally deficient reason, i.e., they were being deliberately indifferent to a serious medical need, they were making their decision on the basis of race or gender, or they were doing it in retaliation for a protected activity.  Mr. Cole has failed to make any such allegation.  Accordingly, he has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 and his Complaint against Netty Rinshaw, Katie Deal and Lori Cook must be dismissed.

---

[5]  He also alleges they refused to put him in contact with the U.S. Marshal's Service.  However, he makes no mention of how that would constitute a constitutional violation.

15

**D. John Baldwin**

Mr. Cole's next allegation is against John Baldwin, the Director of the Iowa Department of Corrections. Mr. Cole alleges that Mr. Baldwin is corrupt; but, Mr. Cole does not support that allegation in any way or tie it to 42 U.S.C. § 1983. Accordingly, Mr. Cole has failed to state a claim and his Complaint against Mr. Baldwin must be dismissed.

**E. Dr. Anne Babbe**

Mr. Cole's next claim is against Anne Babbe, a psychologist at the Anamosa Correctional Facility. Mr. Cole alleges that Dr. Babbe assigned Mr. Cole to a "mental health status" and ignored him. Again, employees at the Department of Corrections have the responsibility to make recommendations regarding Mr. Cole's treatment. Mr. Cole has failed to allege how Dr. Babbe's actions constitute a constitutional violation that would give rise to a claim under 42 U.S.C. § 1983. Accordingly, Mr. Cole's claims against Dr. Babbe must be dismissed.

**F. James McKinney**

Mr. Cole's next claim is that James McKinney, the Warden at the Fort Dodge Correctional Facility, is wrongly

imprisoning him. As Judge Bennett previously told Mr. Cole, in 04-CV-1024-MWB, Docket No. 2, p. 2-3 quoted above, an inmate cannot challenge the validity of their conviction through a 42 U.S.C. § 1983 Complaint. Accordingly, Mr. Cole's claim against Mr. McKinney cannot succeed and must be dismissed.[6]

### G. Dr. Gregory Keller

Mr. Cole's next claim is against Dr. Keller, a treatment provider at the Clarinda Mental Health Institute. Mr. Cole alleges that Dr. Keller changed Mr. Cole's diagnosis. However, as discussed above, a treatment provider has an obligation to treat a patient. Mr. Cole does not allege the treatment was deliberately indifferent or that it violated his rights. Accordingly, Mr. Cole has failed to state a claim upon which relief can be granted and his Complaint against Dr. Keller must be dismissed.

---

[6] Additionally, Mr. Cole filed an addendum to his Complaint, Docket No. 8, which states that he has been transferred to the Iowa Medical Classification Center in Coralville. Accordingly, his Complaint against Mr. McKinney is also moot.

**H.  Jason Hawkins, Major Mayo, Manager Wagers, Sgt. Palmer and Other Unknown Attorneys**

Mr. Cole's remaining claims are against a variety of treatment counselors, corrections officers and law enforcement personal.  The claims are similar to those set out above.  Mr. Cole claims that his medical classification has changed, that he has not been given certain information he requested, and that he has not been allowed to contact the U.S. Marshal's Service.  However, Mr. Cole has failed to articulate any claim that would be cognizable under 42 U.S.C. § 1983.  Accordingly, his complaints against these individuals must be dismissed.

**I.  Docket No. 8, Supplemental Letter**

On February 11, 2014, Mr. Cole filed a supplemental letter.  In his letter, he asks the Court about starting a Congressional Investigation into his situation or having the Iowa Ombudsman start an internal investigation.  Both of those things are beyond the power of this Court.  Accordingly, to the extent that Mr. Cole's supplement sets out additional claims, they must be denied.

**VII. CONCLUSION**

Plaintiff's pro se Motion for Leave to Proceed In Forma Pauperis is **granted**. Plaintiff's pro se Complaint (Docket No. 1) is reviewed without payment of fee; however, upon initial review, the Court is persuaded that Mr. Cole has failed to state any claims upon which relief can be granted. Accordingly, for the reasons set out above, his Complaint (Docket No. 1) must be **dismissed**.

**IT IS SO ORDERED** this 21st day of February, 2014.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa