IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **JAMIE LEE COLE,**<br><br>    Plaintiff,<br><br>v.<br><br>**JOHN BALDWIN, STEVE DRAHAZOL, LORI COOK, KATIE DEAL, DAVE BAUMGARTNER, NETTY RINSHAW, ANNE BABBE, MONICA ACKLEY, JIM MCKINNY, BRIAN SPANNAGLE, CONTRACT ATTORNEY IN FORT DODGE, DR. KELLER, SGT. PALMER, JASON HAWKINS, MAJOR WAGERS, CAPTAIN MAYO, CONTRACT ATTORNEY IN ANAMOSA, CONTRACT ATTORNEY IN OAKDALE,**<br><br>    Defendants. | **No. 14-CV-3007-DEO**<br><br>**ORDER** |

## I. INTRODUCTION

This matter is before the Court on Jamie Lee Cole's (hereinafter Mr. Cole) pro se Motion to Appoint Counsel, Docket No. 14, and pro se Motion to Add Parties, Docket No. 15.

On January 31, 2014, Mr. Cole filed a pro se 42 U.S.C. § 1983 Complaint, Docket No. 1, against the above named Defendants (both known and unknown), along with a Motion to

Proceed In Forma Pauperis, Docket No. 2. Mr. Cole alleged numerous violations against the above named Defendants, which include an Iowa State Court Judge and a number of his previous and current attorneys. On February 21, 2014, this Court entered an Initial Review Order dismissing Mr. Cole's Complaint. Docket No. 9. In that Order, the Court found that Mr. Cole had failed to state any claim upon which relief could be granted. Id., p. 19.

On February 24, 2014, Mr. Cole filed a pro se Motion to Clarify. Docket No. 11. In that Motion he stated:

> I received back from the [Clerk of Court's Office] a page about [Local Rule 10] and there having to be a 1 inch [margin] at the top of all documents... I did that here, but when I tried to have the [librarian] do my copies of it she didn't want to do it because there wasn't a 1 inch margin all the way around...[1]

Docket No. 11.

On February 25, 2014, the Court entered an Order, Docket No. 12, stating:

---

[1] Local Rule 10 sets out the standard formatting for all documents filed in the Northern District of Iowa. The Clerk of Court's office routinely sends out copies of that rule to pro se litigants.

2

> the Court notes that it did not consider
> Local Rule 10 when it ruled on Mr. Cole's
> pro se Complaint. The fact that Mr. Cole's
> Complaint, Docket No. 1, did not conform to
> the local formatting rules was not held
> against Mr. Cole. The Court considered Mr.
> Cole's Complaint on its merits and
> determined that Mr. Cole had failed to
> state a claim upon which relief could be
> granted. Accordingly, Mr. Cole's present
> Motion to Clarify is not necessary. The
> Court considered Mr. Cole's Complaint on
> its merits. For that reason, Mr. Cole's
> pro se Motion to Clarify, Docket No. 11, is
> denied as moot.

Docket No. 12, p. 2-3.

**II. PRESENT MOTIONS**

On February 27, 2014, Mr. Cole filed the present Motions to Appoint Counsel and to Add Parties. Docket Nos. 14 and 15. In the former of those two documents, Mr. Cole requests the Court appoint an attorney to his case. As the Court discussed in its prior Order(s), Mr. Cole has failed to state a claim upon which relief can be granted. Accordingly, his request to have an attorney appointed is moot and must be denied.

In the Motion to Add Parties, Mr. Cole requests Chad Brownfield and Christina Carter be added as Defendants. According to Docket No. 15, Mr. Brownfield is a staff psychologist at the Iowa Medical and Classification center,

3

and Ms. Carter is his associate. Mr. Cole alleges that Mr. Brownfield and Ms. Carter refused to help him contact his hometown sheriff and that they continue to keep him on mental health status.

The Court stated in its original Initial Review Order:

> Mr. Cole alleges that Netty Rinshaw, Katie Deal, and Lori Cook are treatment providers at the Fort Dodge Correctional Facility. Mr. Cole alleges that they threatened to move him to different treatment classifications.[2]
>
> To state a claim under 42 U.S.C. § 1983, Mr. Cole must allege that a person, acting under the color of state authority, infringed his rights or committed some other constitutional violation against him. Corrections officers and treatment providers are within their rights to change his treatment classification. (In fact, it is part of their job). To amount to a constitutional violation, Mr. Cole would have to allege that their decision or threat to change his classification was motivated by some constitutionally deficient reason, i.e., they were being deliberately indifferent to a serious medical need, they were making their decision on basis race or gender, or they were doing it in retaliation for a protected activity. Mr. Cole has failed to make any such allegation. Accordingly, he

---

[2] He also alleges they refused to put him in contact with the U.S. Marshal's Service. However, he makes no mention of how that would constitute a constitutional violation.

4

> has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 and his Complaint against Netty Rinshaw, Katie Deal and Lori Cook must be dismissed.

Docket No. 9, p. 15.

In regards to Defendant Dr. Anne Babbe the Court stated:

> Mr. Cole's next claim is against Anne Babbe, a psychologist at the Anamosa Correctional Facility. Mr. Cole alleges that Dr. Babbe assigned Mr. Cole to a "mental health status" and ignored him. Again, employees at the department of corrections have the responsibility to make recommendations regarding Mr. Cole's treatment. Mr. Cole has failed to allege how Dr. Babbe's actions constitute a constitutional violation that would give rise to a claim under 42 U.S.C. § 1983. Accordingly, Mr. Cole's claims against Dr. Babbe must be dismissed.

Id., p. 16.

That same analysis applies to Mr. Cole's claims against Mr. Brownfield and Ms. Carter. The Defendants are under a duty to treat Mr. Cole and Mr. Cole has failed to articulate any claim against them that would give rise to an action under 42 U.S.C. § 1983. Accordingly, Mr. Cole's Motion to Add Parties must be dismissed.

To the extent Mr. Cole is upset that the Defendants will not contact the sheriff in his hometown, Mr. Cole has failed to articulate how that gives rise to a constitutional violation. Additionally, Mr. Cole may write the sheriff with any concerns that he has. Also, the Court notes that the Defendants have no power to compel an interaction between Mr. Cole and his family.

Finally, Mr. Cole also alleges that he has information related to the kidnaping and murder of two girls from Evansville, Iowa. This Court has no power to direct ongoing criminal investigations. If Mr. Cole has important information regarding that case, he can write Gerard Meyers, assistant director of field operations for the Iowa Division of Criminal Investigation, who is in charge of the Evansville investigation.[3]

For the reasons set out above, Mr. Cole's present Motions, Docket Nos. 14 and 15, must be denied.

**IT IS SO ORDERED** this 28th day of February, 2014.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[3] The address for the Iowa Division of Criminal Investigations is 215 East 7th Street, Des Moines, Iowa 50319.

6